John D. Bennett, 8.
In this proceeding to settle the accounts of the executrix, a New York law firm purports to act on behalf of Stanislaw Aehramowicz Antonowicz allegedly residing in the U. S. S. R., who is a nephew and residuary beneficiary under the decedent’s will. Said attorneys have requested that the matter, including the final accounting decree, be postponed until September, 1968, and that the already adjudicated matters be disposed of by an intermediate decree.
*41 By letter dated May 8, 1968 they assert that SOPA 2218 is unconstitutional ‘ ‘ on its face and as it would he applied if discretion were exercised under it to withhold funds from our client.” Accompanying the letter is a well-prepared memorandum on the question of constitutionality, and the court therefore pauses to review the matter as it now stands, having due regard to the case law on the subject and not desiring to invade any area reserved exclusively to the Federal Government.
The conclusion of the court is that the final decree in this accounting should be signed without further delay lest the rights of others, including the Soviet resident in question, might be jeopardized. In the view of the court there has already been too much delay. The petition and account herein were filed over two years ago on March 23, 1966. A citation was issued the same day to Stanislaw Achramowicz Antonowiez to show cause why the account should not be settled as filed and the personal claim of the accountant in the amount of $6,500 approved and allowed. The same day an order was made directing service of the citation upon Stanislaw Achramowicz Antonowiez by mail and by publication, and promptly on the same day the citation was sent by United States mail to Stanislaw Achramowicz Antonowiez directed to his address in the U. S. S. R. On or about May 2, 1966 the court received a letter signed “ Stanislov Achramovich” acknowledging receipt, of the citation and expressing opposition to the personal claim of the accountant. This letter was acknowledged by the Accounting Clerk of this court by return mail dated May 2,1966, advising said Stanislaw Achramowicz Antonowiez to file verified objections and appear by an attorney qualified in New York State.
When the matter appeared on the calendar of this court it fixed a date for a hearing to be held regarding the personal claim of the accounting party and said hearing was held on August 8,1966. The decision of the court was made on September 1, 1966 allowing the claim in the sum of $6,500. Prior to that time no representative had appeared on behalf of the Soviet resident and no notice of appearance or authorization was filed on his behalf until February 1, 1967 when the aforementioned New York law firm filed an appearance for the Deputy Chief of the Consular Division of the Embassy of the Union of Soviet Socialist Republics at Washington, D. C., the latter acting on behalf of the Soviet national. Thereafter the court was informed that the attorneys for the estate were exploring with the attorneys for the Russian Consulate a method for paying over his share to the residuary beneficiary. The court was advised that the beneficiary had contacted his *42 own attorneys in Moscow and was attempting to obtain a visa for him to travel to Vienna for the purpose of receiving payment of his share.
The proceedings in the meantime were held in limbo. The said law firm in the afore-mentioned letter of May 8, 1968 now state that although they had appeared originally by authorization of the Soviet Consul, their ‘1 client had previously requested that we act for him through the Soviet attorneys who forwarded this matter to us ”, and they state further that by letter dated February 18, 1968 their forwarders advised that the “client” was executing a power of attorney “in our favor.” This they assume “ is in the process of being legalized and authenticated ’ ’, and that ‘1 it should reach us within about two months ’ ’ so that they may then 1 ‘ appear in the proceeding on behalf of the distributee and seek an order providing for distribution of the funds to this firm as attorneys-iri-fact. ”
Considering the speed with which Stanislaw Achramowicz Antonowicz had communicated with the Clerk of this court through the ordinary channels of the mail, the court questions why there should be any necessity for such long delay processing the expected power of attorney.
SCPA 2218 was adopted by the New York State Legislature for the protection of beneficiaries, including alien beneficiaries not residing within the United States. It has been held to be constitutional in Matter of Braier (305 N. Y. 148, app. dsmd. 346 U. S. 802). The proceedings in this estate thus far definitely indicate that it is “uncertain” within the meaning of SCPA 2218 that this beneficiary would have the benefit or use or control of the money due him, and the express mandate of the Legislature is that the burden of proving that such beneficiary will receive the benefit or use or control shall be upon him or the person claiming from, through or under him.
The decision of this court, therefore, is that the final decree be granted herein and it shall direct that the money be paid into the court for the benefit of the beneficiary or the person or persons who thereafter may appear entitled thereto, as provided in SCPA 2218. In reaching this decision the court is not depriving the beneficiary of the money due him, and when Stanislaw Achramowicz Antonowicz and his attorneys are ready to proceed the court will entertain an appropriate application to have the money paid out. At that time a hearing will be held and the court will give due heed to the law and whatever facts are then shown.